260 So.2d 878 (1972)
Mack Daniel HOWLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 70-761.
District Court of Appeal of Florida, Fourth District.
February 17, 1972.
Rehearing Denied May 8, 1972.
*879 Walter N. Colbath, Jr., Public Defender, Jeffrey H. Barker and Charles W. Musgrove, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Justice.
Appellant-defendant, Mack Daniel Howlett, appeals a judgment of conviction and sentence for the offense of larceny of a truck.
The truck in question was a pick-up truck owned by one Richard Smith. Smith was employed as a truck driver by Woods Brothers Trucking Company in Palm Beach County. Defendant was also employed by Woods Brothers. Whenever Smith drove one of his employer's trucks out of town, it was his custom to leave his pick-up truck at the trucking company office, with permission for his employer, Mr. Woods, to use it if it became necessary.
Early on the morning of January 6, 1970, the tractor-trailer which Smith was driving broke down near Kissimmee, Florida. When Smith telephoned his employer to report the breakdown, Mr. Woods instructed defendant to take the necessary repair parts in Smith's pick-up to the location of the inoperative truck. Neither defendant nor Smith's truck ever appeared at the location of the breakdown. Some weeks later, defendant was apprehended in Oregon in possession of Smith's truck.
An information was filed alleging that defendant had stolen the truck on January 12, 1970. Subsequently, a statement of particulars was filed which alleged that the offense was committed during the seventy-two hour period beginning at 12:01 a.m. on January 11, 1970.
At trial defendant testified that he had indeed taken the truck to Oregon, but that he had done so only after meeting Smith in Kissimmee and purchasing the pick-up from him. Defendant's motion for judgment of acquittal was denied, and the jury returned a verdict of guilty. Judgment of conviction and sentence were entered accordingly. This appeal followed.
The sole point on this appeal is whether the trial court erred in denying defendant's motion for judgment of acquittal where the information and statement of particulars alleged that the offense had been committed on January 11 or thereafter, and the evidence showed that the pick-up had actually been taken on January 6.
Defendant correctly contends that material allegations in an indictment or information must be proved as alleged, and a *880 fatal variance between allegations and proof renders improper any conviction entered on that particular charge. E.g., Browning v. State, 1931, 101 Fla. 1051, 133 So. 847; Jacobs v. State, Fla.App. 1966, 184 So.2d 711. However, not every variance between allegations and proof is a fatal variance. Fitzgerald v. State, Fla.App. 1969, 227 So.2d 45. Rule 3.140(o), F.R. Cr.P., 33 F.S.A., provides that:
"[o] Defects and Variances. No indictment or information, or any count thereof, or any affidavit on which the defendant is to be tried shall be dismissed or judgment arrested or new trial granted because of any defect in the form of the indictment, information or affidavit or of misjoinder of offenses or for any reason whatsoever unless the court is of the opinion that the indictment, information or affidavit is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." (Emphasis supplied.)
Allegations of the time of commission of a particular offense must be set forth "as definitely as possible" in an information or indictment. Rule 3.140(d) (3), F.R.Cr.P. However, Florida courts have long regarded variances between the time of the offense as alleged and the time as proved at trial as non-fatal. In Horton v. Mayo, 1943, 153 Fla. 611, 15 So.2d 327, 328, the court stated:
"There may be some variance between the date alleged in the information as being the date the offense charged was committed and that proven on the trial, which variance is immaterial if the proof shows that the crime was committed before the filing of the information and that prosecution therefor was begun within the [statute of limitations] period, except in those rare cases (not here in point) where the exact time enters into the nature or legal existence of the offense." (Emphasis added.)
See also Bonazzo v. Michell, Fla.App. 1969, 221 So.2d 186; Crusoe v. State, Fla.App. 1966, 183 So.2d 600.
In the instant case, it is undisputed that there was a variance between the date of the offense specified in the information and the statement of particulars and the proof at trial concerning the date the truck was taken by defendant. Under the principles set forth above, this variance is not fatal unless defendant can demonstrate that he has been misled or embarrassed in the preparation or presentation of his defense. Fitzgerald v. State, supra.
Here, the defense was bottomed, not on alibi nor any other theory in which the time element might have been an important part, but upon defendant's testimony that he had purchased the pick-up truck from Smith. This, then, is not one of "those rare cases ... where the exact time enters into the nature or legal existence of the offense," Horton v. Mayo, supra, nor into the nature of the theory of the defense. Defendant's assertions that he was prepared to "defend a charge of larceny of automobile, which occurred on January 12, 1970, but was not so prepared to defend such a charge occurring on January 6, 1970," are not supported by the record and fall far short of demonstrating that the variance was a fatal one.
Accordingly, the defendant having failed to demonstrate reversible error, the judgment of conviction and sentence is affirmed.
Affirmed.
REED, C.J., and MAGER, J., concur.