273 So.2d 145 (1973)
Joseph Vincent HALE, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 72-370.
District Court of Appeal of Florida, Third District.
February 14, 1973.
Rehearing Denied March 6, 1973.
Richard Kanner, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Arnold R. Ginsberg, Asst. Atty. Gen. and Sheridan Weinstein, Legal Intern, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
By an indictment of a grand jury in Dade County the appellant Joseph Vincent Hale, Jr. was charged in each of three counts with violation of § 800.04 Fla. Stat., F.S.A. which is entitled "Lewd, lascivious or indecent assault or act upon or in presence of child," a felony in the second degree for which the penalty prescribed [§ 775.082(2)(b) Fla. Stat., F.S.A.] is imprisonment in the state penitentiary for not *146 exceeding 15 years, or a fine not to exceed $10,000 [§ 775.083(1)], or both.
A directed verdict of acquittal was granted on the first two counts, and the defendant was found guilty on the third count. Judgment was entered thereon and the defendant was sentenced to imprisonment for a term of ten years. The defendant appealed.
The appellant presents two grounds as basis for reversal. First, he contends the trial court committed reversible error by allowing the state to amend its bill of particulars in a certain respect prior to trial on the date of trial. The original bill of particulars had stated, as to the acts charged in the three counts, that they had taken place in the Dade County Youth Hall. A certain boy (under 14 years of age) was named in each of the three counts. The separate counts had charged the commission of certain acts on or within different dates. On the day preceding the date of trial the state submitted an amended bill of particulars, and moved for leave to so amend. The purpose was to correct a statement of the place of the acts alleged in the third count as having occurred in the defendant's apartment rather than in Youth Hall. The motion was denied. However, on the following day, prior to trial, the motion of the state was renewed and it was granted.
The appellant contends that allowance of the amendment to the bill of particulars constituted reversible error. The state argues the matter was one within the discretion of the court, and that no prejudice was shown to have resulted therefrom. The case of Crowell v. State, Fla.App. 1970, 238 So.2d 690, cited and relied upon by the appellant is not in point or controlling here. In that case both the information and bill of particulars had stated a certain date as being that upon which the alleged offense occurred. When the evidence presented by the state did not show commission of such act on the alleged date, but showed commission thereof on a different date, the state was allowed to amend its bill of particulars to state such different date, after all of the evidence had been presented by the state and by the defendant.
Here the state was required to and did prove the commission of the alleged act or acts on or within the dates specified in the third count. The appellant has not shown wherein prejudice resulted from the amendment of the bill of particulars. On the other hand, it appears that the state's case had been thoroughly discussed between the state attorney and the defendant's attorney in conferences prior to trial. On consideration of this record we are not persuaded that the amendment to the bill of particulars operated to defeat the purpose of such a document. Middleton v. State, 74 Fla. 234, 76 So. 785. We have also considered the additional contention of the appellant, relating to an evidentiary ruling of the trial court, and hold it is without merit.
No reversible error having been made to appear, the judgment is affirmed.