PER CURIAM.
Appellant seeks reversal of an adjudication of guilt of an assault in a lewd, lascivious or indecent manner on a female child under the age of 14 years in violation of F.S. 800.04 as a result of which he was committed for treatment and rehabilitation pursuant to F.S. 801.041 (apparently intending F.S. 801.091). He was initially indicted for two offenses in a two count indictment, the first count alleging a violation of F.S. 794.021(1) (apparently intending to allege a violation of F.S. 794.011(2)) and the second count in violation of F.S. 800.04. The trial court granted a motion for judgment of acquittal as to count one but denied the motion as to count two, the count of which he was convicted.
We have carefully considered the oral argument of able counsel in light of their briefs and the record on appeal.
By his first point appellant seeks our determination that the trial court erred in denying his pre-trial motion to strike count two and his subsequent motion in arrest of judgment, alleging that that count fails to state a crime under the laws of the State of Florida. We have carefully examined count two of the indictment and find that although it certainly is not a model it does allege a crime, viz: a violation of F.S. 800.-04.
Appellant next urges that the trial court erred in failing to grant his motion for a judgment of acquittal at the close of the state’s case upon the ground that the state failed to prove a material allegation of the indictment. We find that point to be without merit. Although there was a variance, not every variance between the allegation and proof is fatal. (Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972))
We also find that appellant may not prevail on his third point relating to the failure of the trial court to give an instruction because a careful review of the record reveals that the instruction the omission of which is now alleged to be error was never requested and the failure to give that particular instruction is not fundamental error.
 Finally, appellant urges that the trial court abused its discretion by denying his request that the jury be permitted to take the indictment to the jury room during *353 deliberations. Fla.R.Crim.P. 3.400 provides that “The court may permit the jury, upon retiring for deliberation, to take to the jury room: (a) a copy of the charges against the defendant * * * However that rule is permissive and not mandatory. We do not find that the learned trial judge abused his discretion in denying appellant’s request.
AFFIRMED.
McCORD, C. J., BOYER, J, and MASON, ERNEST E., Associate Judge, concur.