372 So.2d 533 (1979)
Steven Craig HOFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-627.
District Court of Appeal of Florida, Fourth District.
June 29, 1979.
H. Bryant Sims of Moore, Winkel, Sims, Kenney & Crosswell, Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction of unarmed robbery. The appellant has alleged three errors only one of which we will comment upon.
The principal error alleged in this appeal is the trial court's granting of a motion to amend a statement of particulars at trial. We affirm.
Appellant was charged with armed robbery and false imprisonment. It was alleged in the information that these crimes took place on June 1, 1977. In response to a motion from the appellant the state filed a statement of particulars saying the crimes took place between 11:00 A.M. on June 1, 1977 and 11:00 A.M. on June 2, 1977. Fla. R.Crim.P. 3.140(n). The state also responded by properly demanding notice from the appellant as to his intention to rely upon an alibi defense. The appellant gave no notice of intention to rely upon alibi as a defense.
After the opening statements at trial, which is after the jury was sworn and jeopardy attaches, the appellant pointed out to the court that during opening statements the jury was told the crime occurred on May 31, 1977 and early on June 1, 1977. The appellant urged the court to require the state to prove the crime occurred on the date set out in the statement of particulars because "my defense through (sic) June 1, 11:00 A.M. and June 2, 11:00 A.M. is alibi." The court then inquired of appellant's counsel if he knew before trial that the proof was going to relate to an hour preceding 11:00 A.M., June 1, 1977 and he replied he did know that but that "I don't have to tell the state their defects in their case, until a jury is sworn."
The state moved to amend the statement of particulars which the trial court granted and the case proceeded to conviction of unarmed robbery.
The granting of the state's motion to amend the statement of particulars did not so prejudice the appellant as to hinder *534 him in the preparation or presentation of his defense. To allow the defendant in a criminal case, with full knowledge of the crime alleged against him and with knowledge of a technical error of one day's date on a pleading, to wait in ambush for the state until the jury is sworn then spring his trap is tantamount to asking the court to referee a game of hide and seek.
This is not to say the state should not be bound by its allegations and that prosecutors should not be diligent in the preparation of their cases and that the accused persons should not be always fully advised as to what the state alleges. To the contrary we abide by the principle that no trial, especially one where a person is accused by the state of a crime, should be by surprise attack. That did not occur in this case and we follow the general principle we set out in Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972) that a defect as to date of the offense may not be a fatal defect. This principle was also recognized in Lackos v. State, 339 So.2d 217 (Fla. 1976) where our supreme court held that a showing of prejudice must precede the "kind of procedural niceties" the appellant seeks here.
The appellant has not demonstrated one bit of prejudice to him on account of the error of one date in the information and statement of particulars. To the contrary, he was not prejudiced. First, he knew of the mistake before trial; second, although his lawyer said at trial the appellant had an alibi he did not file the requisite notice of intention to claim alibi (and thus would have been prevented, most likely, from presenting that defense because of his failure); third, although we have not been provided with a transcript of appellant's testimony[1] we know from the record he did testify and we know from a statement of counsel at trial that the "... heart of the defense. The defense is that this man, this Donald Benson, so-called victim, sold and attempted to sell to my client T.H.C." Thus the appellant did not claim an alibi at the time the crime was committed, but evidently claimed that it was some kind of drug transaction rather than a robbery. The jury found there was a robbery. The appellant received a fair trial. The conviction and sentence are
AFFIRMED.
CROSS, J., concurs.
MOORE, J., concurs specially with opinion.
MOORE, Judge, concurring specially.
I concur in the conclusion reached by the majority because I feel that Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972) mandates such a conclusion. I have difficulty, however, reconciling our position for several reasons.
In State v. Beamon, 298 So.2d 376 (Fla. 1974), a case involving an issue regarding double jeopardy, the Supreme Court peripherally addressed the issue involved herein where it said in dicta:
"When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other under that particular Information; ... Nor may the State remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence." at 378, 379.
Additionally, Fla.R.Crim.P. 3.140(n)[1] provides for a statement of particulars upon *535 motion of the defendant. The last sentence of the rule states: "Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant." Our Standard Jury Instructions in Criminal Cases, as approved by the Supreme Court, provide that the effect of a statement of particulars is to require the State to prove the exact date beyond a reasonable doubt.[2]
Notwithstanding the above, the modern trend is to excuse technical defects which have no bearing on the substantial rights of the parties. Lackos v. State, 326 So.2d 220 (Fla. 2nd DCA 1976), cert. den. 339 So.2d 217 (Fla. 1976). In the instant case, although counsel for the appellant stated at trial that his defense was alibi, he had failed to respond to the State's demand for notice of intention to rely upon alibi as a defense. In fact, the proof demonstrated the lack of an alibi. To the contrary, the defense involved an alleged drug deal between the appellant and two other individuals.
The statement of particulars specified the crime to have occurred between the hours of 11:00 A.M. on June 1 and 11:00 A.M. on June 2. The proof showed the crime to have occurred at approximately 1:00 A.M. on June 1. I fail to see where any substantial rights of the appellant were prejudiced as a result of this technical defect contained in the statement of particulars.
In my opinion, however, we should clearly acknowledge that we will not condone the manner in which the statement of particulars was handled in this case, where the slightest prejudice to a defendant may be shown. In attempting to deprive one of his liberty by reason of alleged criminal activity, it is not too much to require the State to be technically correct. Here, had the State merely referred to the time indicated on the victim's statement as given to an investigating police officer, the error in the statement of particulars would not have occurred.
The other matters raised by the appellant are without merit. Accordingly, I concur in the conclusion reached by the majority.
NOTES
[1] We could order it transcribed and filed here but deem that unnecessary. Fla.R.App.P. 9.200(f).
[1] "3.140(n) Statement of Particulars. The Court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant."
[2] Fla.Std. Jury Instr. (Crim.) 2.09.