PER CURIAM.
The appellant appeals his conviction of robbery and aggravated battery, and an order revoking probation.
The appellant was charged by a two-count information with the crime of robbery and aggravated battery. The jury returned a verdict of guilty on both counts, entered a judgment and conviction and sentenced him accordingly. The trial court also revoked his probation, which he was serving pursuant to a prior conviction. This appeal ensued.
The appellant contends the trial court erred in denying a judgment of acquittal because of a variance between the date set forth in the information upon which the alleged crime occurred and that as testified to by the victim. The defendant in the trial court filed no bill of particulars; he was on notice long before the trial of the two-day discrepancy in the date and he demonstrated no prejudice. Therefore, we find no error in this ruling by the trial judge. Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972); State v. Beamon, 298 *530 So.2d 376 (Fla.1974); Holland v. State, 359 So.2d 28 (Fla. 3d DCA 1978); Hoffman v. State, 372 So.2d 533 (Fla. 4th DCA 1979); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).
The appellant also contends the evidence was insufficient to sustain the robbery conviction. We find no merit in this point. DeLaCova v. State, 355 So.2d 1227 (Fla. 3d DCA 1978); Daley v. State, 374 So.2d 59 (Fla. 3d DCA 1979).
Appellant next contends the trial court erred in revoking his probation. We find no merit in this contention, except in one particular hereinafter referred to. The affidavit of probation violation was re-filed after an original one was dismissed for lack of witnesses. The trial court indicated he was going to consider the matter at the time of the trial in chief. Counsel for the defendant in the trial court made no objections; acquiesced in the proceedings, and we find no error occurred. Egantoff v. State, 208 So.2d 843 (Fla. 2d DCA 1968); Fuller v. State, 294 So.2d 367 (Fla. 3d DCA 1974); State v. Spratling, 336 So.2d 361 (Fla.1976); Hobbs v. State, 378 So.2d 321 (Fla. 2d DCA 1980). However, we find the trial court erred in basing one of its grounds for revocation because of an alleged robbery of one Willie Daniels. This was an allegation of the re-filed affidavit of probation violation, but was not proved by the evidence.
Therefore, so much of the order revoking probation that found a violation of the terms of the probation in regard to the robbery of Willie Daniels be and the same is hereby stricken. See: Hobbs v. State, supra.
Affirmed as modified.