ORFINGER, Judge.
Appellant was convicted by a jury of one count of burglary and one count of grand larceny. He contends that the trial court erred in not granting his motion for judgment of acquittal made at the close of the State’s case and renewed at the close of all the evidence. We agree and reverse.
The information charged that appellant had committed the offenses between June 18, 1977 and June 21, 1977. In response to a motion, the State filed an amended statement of particulars specifying that the offenses occurred “within five hours either side of 1:00 a. m. on June 21, 1977, in Titusville, Brevard County, Florida.”
At the trial, another participant in the crime testified for the State that he, appellant and others had burglarized the store in question twice late one Saturday night and early Sunday morning, between June 19 and June 21, 1977. He could not otherwise remember when the burglary took place. The owner of the store had been away, and he did not discover the burglary until he returned on June 21. The trial court took judicial notice that June 19, 1977 was Sunday, June 20 was Monday and June 21 was Tuesday.[1] Appellant’s motion for judgment of acquittal on the ground that the State had not proved that a crime was committed at the time specified in the statement of particulars, was denied. Appellant claims error in denial.
This case falls squarely within the purview of State v. Beamon, 298 So.2d 376 (Fla.1974). In that case, although the Supreme Court was deciding the applicability of the theory of double jeopardy, to arrive at its conclusion it was necessary to discuss the effect of the variance between the statement of particulars and the proof. In Beamon, the defendant went to trial on a charge of robbery allegedly occurring on November 26, 1972. Thereafter, the State filed a bill of particulars alleging that the robbery occurred on November 24, 1972. The victim testified that she was robbed on November 26, 1972 and upon defendant’s motion, the trial court entered a judgment of acquittal. The State then filed a second information, charging defendant with robbery on November 26, 1972 and he filed a motion to dismiss on the ground that he had been previously placed in jeopardy for the same offense. In deciding that jeopardy had not attached, the Supreme Court said:
When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to *748 proof of an offense occurring on that date and no other, under that particular information; the effect of such a specification of date in a bill of particulars is to narrow the Indictment or Information as to the time within which the act or acts allegedly constituting the offense may be proved. . .. Also, the fact that the date charged in the first information in this case was Nov. 26, 1972, does not control over a specification in the bill of particulars under that Information that the offense was committed on Nov. 24, 1972. Nor may the State remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence.... Thus it is clear that the bill of particulars on the first Information narrowed the date of the alleged offense to the date of November 24, 1972, and respondent could not therefore be convicted under that Information, as so limited, of an offense occurring on Nov. 26, 1972, and the able trial judge was imminently [sic] correct in entering an acquittal on the trial under the first Information.
Despite the specification of an exact date in an Information, and where no other date is set forth in a bill of particulars, a different time may be shown at the trial, and a conviction may be had if the proof shows the offense to have been committed at any time prior to the accusatory date in the Information (within the bar of the statute of limitations), where there is no bill of particulars specifying a different date.... (Citations omitted).
Id. at 378, 379.
Those cases which hold that a variance between the date alleged in a bill of particulars and the date proved is not considered fatal to a conviction[2], are pre-Beamon and while not referred to in that case, appear to have been impliedly overruled. Those cases which have addressed the subject since Beamon, follow its principles [3].
It can be argued that Beamon does not preclude the filing of another information bearing the correct date and a subsequent trial thereon, that appellant did not attempt to interpose an alibi defense which might make the variance in time material and that the time, effort and expense involved in retrying appellant is not warranted where no prejudice is shown, but we are without authority to change a rule of law adopted by the Supreme Court. A correct statement of particulars would have obviated this problem.
In the light of this opinion, we need not consider the other points raised by appellant. The judgment of acquittal should have been granted for the crimes charged by the statement of particulars, and this cause is remanded to the trial court with directions to proceed in accordance herewith.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.

. Thus, the only testimony on the subject established the date of the crimes as late evening on June 18 or early morning of June 19.

. E. g., Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972); Perlman v. State, 269 So.2d 385 (Fla. 4th DCA 1972).

. R. C. B. v. State, 374 So.2d 1168 (Fla. 2d DCA 1979). In Hoffman v. State, 372 So.2d 533 (Fla. 4th DCA 1979), the court approved an amendment to the statement of particulars before any evidence was submitted. Crowell v. State, 238 So.2d 690 (Fla. 3d DCA 1970), approved in Beamon, precludes such amendment after the evidence is submitted. Cf. Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979), where the court disapproved an amendment to an information on the morning of trial which expanded the time within which the crime allegedly occurred. Howlett was cited with approval in Donaldson v. State, 356 So.2d 351 (Fla. 1st DCA), cert. den. 362 So.2d 1052 (1978) on the point that not every variance between allegation and proof is fatal, but there is no reference to a bill of particulars in Donaldson, and the Supreme Court in Beamon agrees that the variance is not necessarily fatal where no bill of particulars is filed.