397 So.2d 288 (1981)
Steven Craig HOFFMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 57554.
Supreme Court of Florida.
April 9, 1981.
H. Bryant Sims of Winkel, Sims, Kenney & Crosswell, Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
Pursuant to article V, section 3(b)(3), Florida Constitution (1972), we review Hoffman v. State, 372 So.2d 533 (Fla. 4th DCA 1979), and approve that decision.
An information charged that Hoffman committed armed robbery and false imprisonment on June 1, 1977. Responding to Hoffman's motion, the state filed a statement of particulars alleging that the offenses occurred between 11:00 a.m., June 1, 1977 and 11:00 a.m., June 2, 1977. After the opening statements, defense counsel pointed out that, during opening argument, the state had commented that the crimes occurred during the late evening of May 31, 1977 or early morning of June 1, 1977. The state then requested permission to amend the statement of particulars. Defense counsel asked that the state be restricted to the date in the original statement of particulars.
The court questioned both attorneys regarding the propriety and effect of allowing the amendment. When asked if he knew before trial that the proof would relate to a time prior to that set out in the statement of particulars, defense counsel replied in the affirmative. He went on to say that he did not "have to tell the state [the] defects in their case, until a jury is sworn." The court stated that its initial reaction had been to hold the state to its statement of particulars, but, after the inquiry, would allow the state to amend the date subject to showing, prior to submitting *289 the case to the jury, that allowing the amendment was the correct thing to do.
Defense counsel later moved for judgment of acquittal. Relying on rule 3.140(o),[1] the court denied the motion, ruling that Hoffman had not shown that he had been embarrassed in his defense or otherwise prejudiced. The case then proceeded, and the jury convicted Hoffman of unarmed robbery.
On appeal, the district court found that Hoffman had not demonstrated that amending the statement of particulars prejudiced him. The court reasoned that allowing a criminal defendant,
with full knowledge of the crime alleged against him and with knowledge of a technical error of one day's date on a pleading, to wait in ambush for the state until the jury is sworn then spring his trap is tantamount to asking the court to referee a game of hide and seek.
372 So.2d at 534. Following the principle set out in Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972), the district court affirmed both Hoffman's conviction and sentence.
Hoffman now contends that the district court decision conflicts with the following statement made by this Court:
When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information; the effect of such a specification of date in a bill of particulars is to narrow the Indictment or Information as to the time within which the act or acts allegedly constituting the offense may be proved.
State v. Beamon, 298 So.2d 376, 378-79 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). Both Howlett and now Hoffman hold that a statement of particulars can be amended if such amendment will not prejudice the defendant. A review of the purpose of statements of particulars and the interplay of such discovery tools with the rules of criminal procedure leads us to conclude that the above-quoted statement from Beamon must be qualified.
This Court has previously stated that [t]he purpose of a bill of particulars is merely to give the defendant notice of the particular acts relied upon by the State to establish the crime charged, that the defendant may be fully advised of the nature and cause of the accusation against him, and that he may have an opportunity to prepare his defense.
Middleton v. State, 74 Fla. 234, 240, 76 So. 785, 787 (1917). Also, "[w]here time is material, it must be proved as alleged." Thorp v. Smith, 64 Fla. 154, 156, 59 So. 193, 193 (1912). On the other hand,
[t]here may be some variance between the date alleged in the information as being the date the offense charged was committed and that proven on the trial, which variance is immaterial if the proof shows that the crime was committed before the filing of the information and that prosecution therefor was begun within the two year period, except in those rare cases ... where the exact time enters into the nature or legal existence of the offense.
Horton v. Mayo, 153 Fla. 611, 613-14, 15 So.2d 327, 328 (1943). Compare Holland v. State, 359 So.2d 28 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1124 (Fla. 1979), and Perlman v. State, 269 So.2d 385 (Fla. 4th DCA 1972), with Crowell v. State, 238 So.2d 690 (Fla. 3d DCA 1970).
Hoffman contends that Beamon is an absolute bar to allowing a variance between the date alleged and proved and to amending the date alleged in a statement of particulars. The district court, on the other hand, has found such variance or amendment acceptable so long as it causes no prejudice to the defendant. Hoffman v. *290 State; Holland v. State; MacCourt v. State, 296 So.2d 89 (Fla. 4th DCA), cert. denied, 307 So.2d 449 (Fla. 1974); Howlett v. State. See also Hale v. State, 273 So.2d 145 (Fla. 3d DCA), cert. denied, 277 So.2d 285 (Fla. 1973) (particulars amended to show different location); Barber v. State, 243 So.2d 2 (Fla. 2d DCA 1971) (particulars amended to show different address). In response to the district court's reasoning, Hoffman points out that Florida Rule of Criminal Procedure 3.140(n)[2] does not mention prejudice. In his opinion, therefore, the district court erred by interjecting the issue of prejudice. In our opinion, however, the district court properly considered the issue of prejudice.
We do not condone sloppy work by the state in preparing cases. We realize, however, that mistakes can happen. This Court has previously held that "the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant." Richardson v. State, 246 So.2d 771, 774 (Fla. 1971). See Leeman v. State, 357 So.2d 703 (Fla. 1978); Lackos v. State, 339 So.2d 217 (Fla. 1976); Fla.R.Crim.P. 3.140(o). The rules are not intended to furnish a procedural device to escape justice, and we are again persuaded that the modern trend in criminal cases
"is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial."
339 So.2d at 219 (quoting Grimes, J.).
On appeal, an appellant has the burden of showing prejudice. At trial, however, if the state seeks to amend a statement of particulars, it is incumbent on the state to demonstrate a lack of prejudice to the defendant. In other words, it is essential that the circumstances establishing no prejudice affirmatively appear in the record. When such amendment is requested, the trial court should inquire into the surrounding circumstances to determine whether the amendment would result in harm or prejudice to the defendant.
In the instant case, the trial court scrupulously inquired into the circumstances surrounding the requested amendment. This inquiry showed that the defense had prior knowledge that the date had been misstated. The record clearly establishes that the defense was neither misled by the incorrect date nor prejudiced by the amendment.
The district court opinion is approved. To the extent that Beamon can be interpreted to prohibit any amendment to a statement of particulars, that case is qualified to allow such amendment if a defendant will not be prejudiced thereby.
It is so ordered.
BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
SUNDBERG, C.J., and ADKINS, J., dissent.
NOTES
[1] Fla.R.Crim.P., which provides, inter alia, that no information will be dismissed "unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense."
[2] (n) Statement of Particulars. The court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.