GLICKSTEIN, Judge.
Appellant argues that his otherwise proper conviction on two counts of forgery should be reversed solely because the information and statement of particulars under which the state went to trial erroneously listed April 27, 1979 as the date of the offenses. As appellant knew at the time of trial, the offenses had occurred a week earlier, on April 20. After several witnesses had testified, the state realized that the date listed in the charging documents was incorrect and successfully moved to amend the statement of particulars. The trial court then essentially sought to start the trial over by suggesting that appellant recall all the witnesses who had already testified, and make an amended opening statement to the jury if he so desired. The trial proceeded, and a tape recording of appellant confessing to the crimes was introduced in evidence. As noted, appellant was convicted. We affirm.
At issue is whether an otherwise valid conviction must be voided whenever the state proceeds to trial under charging documents containing an erroneous date. Certain language in State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975) appears to support appellant’s contention that the “harmless error” rule cannot be applied in such situations.
When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information; . . . the state (may not) remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence.
298 So.2d at 378, 379.
However, given the holding in Beamon (that defendant, who obtained a judgment of acquittal on grounds that the proof adduced at trial regarding the date of the offense differed from the date alleged in the bill of particulars, was estopped from asserting a double jeopardy defense in a retrial based on the same incident), it is clear that the aforecited language is dicta. The Beamon dicta was evidently found not controlling by this court in Hoffman v. State, 372 So.2d 533 (Fla. 4th DCA 1979), affirmed 397 So.2d 288 (Fla. 1981) in which, after jeopardy had attached, the state was permitted to amend a statement of particulars to correct a one-day discrepancy as to the date of the offense. The court stated:
The granting of the state’s motion to amend the statement of particulars did not so prejudice the appellant as to hinder him in the preparation or presentation of his defense. To allow the defendant in a criminal case, with full knowledge of the crime alleged against him and with knowledge of a technical error of one day’s date on a pleading, to wait in ambush for the state until the jury is sworn then spring his trap is tantamount to asking the court to referee a game of hide and seek.
372 So.2d at 533, 534. This language appears especially pertinent to the case at bar.
*544 In deciding Hoffman, our court relied heavily on Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972), in which a five-day variance between the true date of the offense and the date as alleged in the bill of particulars was held immaterial. The Fifth District Court of Appeal has recently concluded that Howlett was impliedly overruled by Beamon, but seeks to explain the Hoffman holding on the basis that the permitted amendment to the statement of particulars occurred before any evidence was submitted. Jefferson v. State, 391 So.2d 747 (Fla. 5th DCA 1980). This attempt to separate the Howlett and Hoffman holdings is unconvincing since jeopardy had already attached in both cases. There would not seem to be any compelling logic behind a scheme whereby the state may amend an erroneous bill of particulars after the jury has been impaneled and sworn, as in Hoffman, but may not amend an erroneous bill of particulars after several witnesses have testified where, as here, the trial court has afforded defendant the option of starting the trial over with the same jury.
In Jefferson, the Fifth District Court of Appeal reversed defendant’s conviction on the basis that the proof adduced at trial fixed the date of the crimes as June 18-19 while the bill of particulars specified the date as June 20 or June 21. While it is possible to distinguish Jefferson from the current case on the basis that in Jefferson, the state never sought to amend the bill of particulars to conform with the evidence as adduced at trial, it is clear that Jefferson is in direct conflict with our earlier holding in Howlett.
It is ironic that appellant relies on the Beamon dicta to void his conviction when the Beamon holding virtually assures that appellant may be retried for the same offenses under a proper information and statement of particulars. In this light, we recall the language of the United States Supreme Court in Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974): “The law does not require that a defendant receive a perfect trial, only a fair one.” 417 U.S. at 448, 94 S.Ct. at 2365, 41 L.Ed.2d at 194. In view of the trial court’s willingness to allow the defendant to restart this trial following the permitted amendment to the statement of particulars, it would be difficult not to characterize the trial as “fair.”
However, recognizing that Judge An-stead in his dissent is of the opinion that the Beamon decision out of our Supreme Court is contrary to our holding here and being of the opinion that the matter is one of great public importance, we hereby certify the following question:
DOES THE ABOVE QUOTED DICTA FROM BEAMON DEMAND REVERSAL OF THE CASE AT BAR OR DOES THE RECENT SUPREME COURT VERSION OF HOFFMAN PERMIT AF-FIRMANCE?
AFFIRMED.
LETTS, C. J., concurs specially with opinion.
ANSTEAD, J., dissents with opinion.