421 So.2d 147 (1982)
Gerald STANG, Petitioner,
v.
STATE of Florida, Respondent.
No. 61194.
Supreme Court of Florida.
September 2, 1982.
Rehearing Denied November 24, 1982.
*148 Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Laura R. Morrison and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for respondent.
PER CURIAM.
We review the decision of the District Court of Appeal, Fourth District, in Stang v. State, 403 So.2d 542 (Fla. 4th DCA 1981), wherein the district court has certified, as a question of great public importance, whether this Court's recent decision in Hoffman v. State, 397 So.2d 288 (Fla. 1981), qualifies dicta from our earlier decision in State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). In Hoffman, we held that, even after jeopardy attaches, the State is permitted to amend a statement of particulars to correct a discrepancy as to the date of the offense. Earlier, in Beamon, in dicta we stated that the State may not remedy an erroneous date specified in the statement of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of evidence. We hold that Hoffman does qualify Beamon. Applying the standard of prejudice announced in Hoffman, we further hold that the unique facts of this case demonstrate prejudice to the defendant. Therefore, we quash the decision of the district court holding that Stang was not prejudiced.
Stang was charged with two counts of forgery. In a statement of particulars filed in July, 1979, the State specified that both offenses occurred between the hours of 1 and 7 p.m. on April 27, 1979.
In his opening statement at trial, Stang's counsel told the jury that the State would be unable to prove beyond a reasonable doubt that the alleged crimes took place on April 27, 1979. He argued that the evidence would show that the checks had been issued one week earlier and that the defense would put on testimony to show that the incident could not have occurred on the date specified in the information and bill of particulars.
After four State witnesses had testified at trial, the State realized that the date in the charging documents was incorrect and moved to change the date in the statement of particulars to April 20, 1979. Over Stang's objection that his sole defense hinged on the State's inability to prove the proper date, the trial court granted the motion and suggested that Stang recall all of the witnesses who had already testified and permitted Stang to make an amended opening statement to the jury if he so desired. Stang thereupon requested that two witnesses be recalled for purposes of cross-examination. He did not, however, choose to amend his opening statement. Subsequently, Stang's taped confession was played to the jury, and he was found guilty as charged.
The Fourth District affirmed the convictions. While acknowledging dicta of this Court's decision in State v. Beamon, the district court's majority relied upon Hoffman v. State and characterized Stang's trial as "fair" in view of the trial court's willingness to allow the petitioner to restart the proceedings following the amendment to the statement of particulars. Judge Anstead dissented, focusing upon the prejudicial nature of the granting of the amendment and stating that he could not imagine any greater prejudice than forcing the defendant to go back out and face the same jury stripped of the only defense he has claimed at trial.
In State v. Beamon, the State filed an information charging a defendant with robbery and buying, receiving, or concealing stolen property, both offenses allegedly occurring on November 26, 1972. The State filed a bill of particulars which mistakenly alleged that the robbery occurred on November 24, 1972. During a nonjury trial, the defense counsel moved for a judgment *149 of acquittal after the State's first witness testified that she was robbed on November 26, 1972. The trial judge granted the motion and declared the defendant not guilty of the crime of robbery on November 24, 1972. The State then filed a second information and an amended bill of particulars alleging November 26, 1972, as the date of the offense. While the trial court granted a motion to dismiss on the ground that the defendant was previously placed in jeopardy for the "same offense" and the Third District Court of Appeal affirmed, we held that no double jeopardy and no collateral estoppel were involved. In dicta, we stated:
When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information; the effect of such a specification of date in a bill of particulars is to narrow the Indictment or Information as to the time within which the act or acts allegedly constituting the offense may be proved... . Nor may the State remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence.
State v. Beamon, 298 So.2d at 378-79.
More recently, however, in Hoffman v. State, we expressly qualified Beamon insofar as it could be interpreted to prohibit any amendment to a statement of particulars after trial has commenced and held that such an amendment is allowed if a defendant will not be prejudiced by it. Hoffman was charged by information with committing armed robbery and false imprisonment on June 1, 1977. The State filed a statement of particulars alleging that the offenses occurred between 11 a.m., June 1, 1977, and 11 a.m., June 2, 1977. After opening statements, the defense counsel pointed out that during its opening argument, the State had commented that the crimes occurred during the late evening of May 31, 1977, or early morning of June 1, 1977. At that point, the State requested permission to amend the statement of particulars, but the defense asked that the State be restricted to the date in the original statement of particulars. After questioning both attorneys regarding the propriety and effect of allowing the amendment, the court granted the State's request. The court subsequently denied a defense motion for acquittal, ruling that the defendant had not shown that he had been embarrassed in his defense or otherwise prejudiced. On appeal, the district court found that the defendant had not demonstrated that amending the statement of particulars had prejudiced him. We approved the district court's decision and reiterated that the purpose of the bill of particulars is to give the defendant notice of the particular acts relied upon by the State to establish the crime charged so that a defendant may be fully advised of the nature of the accusation against him and so that he may have an opportunity to prepare a defense. We emphasized that criminal procedure rules are not intended to furnish a procedural device to escape justice and said:
[W]e are again persuaded that the modern trend in criminal cases "is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial." [Lackos v. State,] 339 So.2d 217 at 219 [(Fla. 1976)] (quoting Grimes, J.).
397 So.2d at 290.
We further explained in Hoffman that on appeal the defendant has the burden of demonstrating prejudice, but at trial the State, when seeking to amend a statement of particulars, must demonstrate a lack of prejudice to the defendant, and the trial court must inquire into the surrounding circumstances to determine whether the amendment would result in harm or prejudice. The record in Hoffman clearly established that the defense was neither misled by the incorrect date nor prejudiced by the amendment.
*150 We cannot reach the same conclusion in the present case since circumstances establishing no prejudice do not affirmatively appear in the record. What does appear from the record is summarized by Judge Anstead in his dissent as follows:
In essence, the state was allowed to allege one date in an information and bill of particulars, and then, after proving a different date, was allowed to amend the date to conform to the evidence. And the defendant, having in essence already advised six jurors that his only defense would be the state's inability to prove the date specified, was sent back out to face those same six jurors, his "defense" now obviously in shreds. The natural result was that he was convicted.
403 So.2d at 545 (Anstead, J., dissenting). Under these circumstances, however, the State is not precluded from again prosecuting Stang under a proper information and statement of particulars. State v. Beamon.
Accordingly, the decision of the district court is quashed, and this case is remanded for further proceedings consistent with this decision.
It is so ordered.
ADKINS, OVERTON, SUNDBERG and EHRLICH, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
BOYD, J., concurs in part and dissents in part with an opinion.
ALDERMAN, C.J., dissents with an opinion, with which McDONALD, J., concurs.
EHRLICH, Justice, specially concurring.
Sloppy trial preparation and ineptness by the state necessitates a new trial with the resulting utter waste of time, effort, and resources. While the results may very well be the same, we're not going to violate a defendant's constitutional right to a fair trial to cover the state's mistakes.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the holding that it was error to allow the state to amend its statement of particulars to conform to the evidence elicited from the state's witnesses. I dissent, however, from the holding that petitioner may be brought to trial again.
Due process requires that indictments and informations be drafted clearly and with specificity, so that the accused knows precisely what he is charged with and is able to intelligently prepare a defense. The purpose of a bill of particulars is to make the accusation even clearer and more specific. In State v. Beamon, 298 So.2d 376, 378-79 (Fla. 1974), this Court said:
When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information; the effect of such a specification of date in a bill of particulars is to narrow the Indictment or Information as to the time within which the act or acts allegedly constituting the offense may be proved.
It is true that in Hoffman v. State, 397 So.2d 288 (Fla. 1981), this Court qualified the holding of Beamon. In Hoffman, we held that an amendment to the bill of particulars may be allowed after trial has begun if the defendant is not prejudiced by it. There, the bill of particulars was amended after opening arguments but before any evidence was taken. In such a situation, it may be permissible to allow the trial to proceed upon the amended bill after inquiring into prejudice. Where the presentation of evidence has not yet begun, it is possible to allow the defense some time to prepare to respond to a minor change in the particulars. The present case, however, is substantially different, and therefore the Hoffman modification of Beamon does not apply here.
In the instant case, the state moved to amend its statement of particulars after four state witnesses had testified. The *151 court granted the motion over the defendant's objection, thus bringing this case squarely within the clear rule stated in Beamon. No inquiry into prejudice is needed. Prejudice, in such a situation, is to be presumed.
Furthermore, I believe that once the state began to present evidence based on an inaccurate bill of particulars, so that, absent the improper amendment of the bill, a judgment of acquittal would have been required based on what the evidence showed, the second attempt to prove the alleged offenses was barred by the Double Jeopardy Clause. In State v. Katz, 402 So.2d 1184, 1188 (Fla. 1981), I stated in dissent:
One of the most awesome powers exercised by officials of the state is the power of our state attorneys and grand juries to institute criminal proceedings by accusing a person of the commission of a crime. The exercise of such authority sets in motion the machinery of the criminal justice system and brings the prosecutorial resources of the state to bear upon an individual. The constitutional prohibition against allowing the state a second opportunity to prove the commission of a crime should extend to situations such as the present cases and should be held to require that when accusatory pleadings are being drafted, they be drafted correctly. If the proof at trial fails to sustain the allegations, retrial should no more be permitted on the basis of corrected allegations than it is on the basis of augmented proof.
The same principle applies here and, in my view, precludes another trial.
ALDERMAN, Chief Justice, dissenting.
I agree with most of what is said in the majority opinion. My only disagreement is with this Court's finding that circumstances establishing no prejudice do not affirmatively appear in this record. Instead, I concur with the findings of the trial court and the district court that the defendant was not prejudiced by the amended statement of particulars. As stated by Chief Judge Letts in his concurring opinion in the district court:
Justice may indeed be blind, but Judges should not be blinded. It is apparent that the defendant knew all along with what crime he was charged and on what date it was committed. Nonetheless he chose to wait in ambush, secure in the thought that he could defeat the prosecution by exposing a scrivener's error of which he was only too well aware... . The accused visited the result upon himself by relying on a technical mistake as his sole defense and should not now be heard to complain.
403 So.2d at 544 (Letts, C.J., concurring specially).
The prejudice against the defendant did not result from the amendment of the statement of particulars which did nothing more than conform the pleading to a true fact already known to the defendant. What prejudiced the defendant and resulted in his conviction was the overwhelming evidence of his guilt, including a taped confession in which the defendant freely and voluntarily admitted his guilt. We should not put the people of the State of Florida to the expense of a new trial for this confessed forger because of a technical defect which has no bearing upon his substantive rights. I conclude, as did Chief Judge Letts, "that if we reverse this conviction, justice will not be served." 403 So.2d at 545 (Letts, C.J., concurring specially).
McDONALD, J., concurs.