COWART, Judge,
dissenting.
In this case the defendant stated to the trial judge that he desired to waive his constitutional right to the assistance of, and representation by, counsel and his right to a public and speedy trial by jury, and that he desired to plead guilty to the criminal charges against him. In response, the trial judge, in open court and with record being made, carefully explained to the defendant the legal rights he was waiving and questioned him as to his understanding of the consequences of his waiver and plea. The trial judge found, as a matter of fact, that the defendant understood his rights and knowingly, intelligently, and voluntarily waived those rights. This is the substance and there is no question in this case as to these matters. However, as to form, the defendant failed to execute and file the written waiver of representation of counsel contemplated by Florida Rule of Criminal Procedure 3.160(e), which in relevant part provides:
If the defendant, however, understandingly waives representation by counsel, he shall execute a written waiver of such representation which shall be filed in the case.
Upon the defendant’s later attack on the legal effectiveness of his plea based on his failure to execute this written waiver, the majority reverses.
Rules of procedure are very helpful and valuable to effectuate good and uniform practice and procedure throughout the state, but they are not substantive law and do not create fundamental rights. The directions and specifications in procedural *555 rules do not become the equivalent of substantive law merely because the subject matter of the rule relates to or “implements” constitutional or statutory rights.[1] Rules of procedure should be followed, but that does not mean that every failure must be treated as the violation of an organic right and a per se reversible error. In general, rules, being procedural rather than substantive, are construed to be directory rather than mandatory. To do otherwise elevates form and procedure over substance and disregards or “repeals” the clear directions contained in our two harmless error statutes, sections 924.33 and 59.-041, Florida Statutes. These statutes direct that no judgment be reversed unless the error complained of “injuriously affected the substantial rights of the appellant” (which section 924.33 directs “shall not be presumed”) and “has resulted in a miscarriage of justice.” As the Florida supreme court has oft held, “the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice or harm to the defendant.” Hoffman v. State, 397 So.2d 288, 290 (Fla.1981) (quoting Richardson v. State, 246 So.2d 771, 774 (Fla.1971), and cases cited therein). See also Taylor v. State, 401 So.2d 812 (Fla. 5th DCA 1981), approved, 444 So.2d 931 (Fla.1983). As the court in Hoffman declared, technical defects or procedural irregularities “which have no bearing upon the substantial rights of the parties” should be excused. Id. at 290.
When a defendant under criminal charges, in the solemnity of a criminal courtroom after advice from, and interrogation by, a neutral trial judge, has, with the requisite understanding of his constitutional right to counsel and the consequences of his waiver, made a voluntary and intelligent waiver valid under all constitutional requirements, how are his substantial rights injuriously affected solely by his failure to sign and file a written waiver? Where is the miscarriage of justice? In this case no facts supporting these conclusions have been alleged, asserted, or proved nor have those issues been presented to the trial court for decision. Contrary to the legislative direction in section 924.33, Florida Statutes, the majority opinion presumes it. Neither the state nor federal constitution requires a written waiver, only the voluntary and intelligent relinquishment of a known right.
The requirement in Rule 3.111(d)(4) that a waiver of counsel made out of court shall be in writing with not less than two attesting witnesses is analogous. The Florida Supreme Court has held that a defendant’s constitutional rights to representation of counsel under Miranda[2] are not violated by the failure to obtain a written waiver of counsel attested by two witnesses, and a defendant' can validly waive his Miranda rights without doing so, despite the clear language of Rule 3.111(d)(4). Jordan v. State, 334 So.2d 589 (Fla.1976); Hogan v. State, 330 So.2d 557 (Fla. 2d DCA 1976). See also State v. S.L.W., 465 So.2d 1231 (Fla.1985) (applying the Jordan holding to a juvenile’s waiver of his Miranda rights under Fla.R.Jur.P. 8.290(d)(4) (1983)). These cases holding that a defendant’s waiver of his right to representation of counsel is effective despite failure to comply with the procedural requirement of Rule 3.111(d)(4) should, by analogy, be applied to a constitutionally valid waiver of counsel notwithstanding failure to comply with the procedural requirement of Rule 3.160(e).
The provision for a written waiver contained in Rule 3.160(e) should be construed to be merely procedural and directive, not substantive and mandatory; or noncompliance with this rule provision should be held to be harmless under sections 924.33 and 59.041. The trial judge properly denied the defendant’s motion to withdraw his plea.

. See the dissent in Akins v. State, 462 So.2d 1161, 1166 (Fla. 5th DCA 1984).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).