KLEIN, J.
Appellant was convicted of burglary and petit theft. We find no error in the burglary conviction, but reverse the conviction for petit theft.
Appellant was a nurse who worked at an assisted living facility. Because of thefts, the security manager placed a wallet containing money in a patient’s room and hid in a closet with a video camera. The video caught appellant entering the patient’s locked room with a key and, while the patient was in the bathroom with the shower running, opening the wallet, looking around the room, and leaving. There was ample evidence to support her conviction for petit theft and burglary.
The problem with the petit theft conviction is that the information had shown the victim of the petit theft to be the patient who occupied the room. At the end of the state’s case, the court allowed the state to amend the information to reflect that the victim had been the security manager or the employer, rather than the patient. Appellant argues that the trial court erred in allowing the amendment because it was prejudicial to appellant. Hoffman v. State, 372 So.2d 533 (Fla. 4th DCA 1979).
We agree with the appellant that the amendment was prejudicial because, as she suggests, she would have used a different approach to cross examine the security manager. She believed he was setting her up in order to get rid of her. Assuming the victim was the patient, who was not *319 available to testify because he had passed away, she pursued a different trial strategy. Under these circumstances we conclude that appellant was prejudiced and that the court therefore erred in allowing the amendment to the information to change the victim. Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987).
We affirm the conviction for burglary and reverse the conviction for petit theft.
GUNTHER and STEVENSON, JJ., concur.