DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

JAMAL SANDERS,

Appellee.

No. 2D22-881

_____

November 15, 2023

Appeal from the Circuit Court for Hillsborough County; Cynthia S. Oster, Judge.

Ashley Moody, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellee.

MORRIS, Judge.

The State of Florida appeals from an order dismissing its information in which it charged Jamal Sanders with battery. The State attempted to amend the information during trial when it was discovered that the date of the alleged offense was incorrect. However, the trial court denied the State's request and instead granted Sanders' oral motion to dismiss the information. A written order of dismissal was

entered thereafter. We conclude that the trial court erred, and we therefore reverse.

## FACTS

The information alleged that on February 7, 2020, Sanders committed a battery in Tampa, Florida, during a tailgating party for the Super Bowl. The police report that formed the basis for the information listed the same date of offense, but it was signed by the investigating officer on February 15, 2021.

Just after the victim was sworn in to testify at trial, the State recognized that the date listed in the information was incorrect and that it should have reflected the alleged date of offense as February 7, 2021. The State requested to file an amended information, but Sanders' counsel made an oral motion to dismiss, arguing that the defense would be prejudiced by such an amendment because it had relied on the February 7, 2020, date in preparing for trial. The trial court declined to allow the State to amend the information, instead granting the oral motion to dismiss and subsequently entering a written order in accordance with its oral ruling.

## ANALYSIS

We review the trial court's decision for abuse of discretion. *See State v. Erickson*, 852 So. 2d 289, 291 (Fla. 5th DCA 2003) (applying abuse of discretion standard of review where trial court denied State's request to amend information).

The State is permitted to amend an information during trial, even if the defendant objects, "*unless there is a showing of prejudice to the substantial rights of the defendant.*" *State v. Clements*, 903 So. 2d 919, 921 (Fla. 2005) (quoting *State v. Anderson*, 537 So. 2d 1373, 1375 (Fla. 1989)). "[T]he State's ability to amend an information is not unfettered,"

2

*see id.*, but "technical defects which have no bearing upon the substantial rights of the parties" are typically excused, *Lackos v. State*, 339 So. 2d 217, 219 (Fla. 1976) (quoting *Lackos v. State*, 326 So. 2d 220, 221 (Fla. 2d DCA 1976)).  "A defendant is entitled to a fair trial, not a perfect trial."  *Lackos*, 326 So. 2d at 221 (citing *Michigan v. Tucker*, 417 U.S. 433 (1974)).  Thus, an "amendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice."  *Taylor v. State*, 232 So. 3d 453, 456 (Fla. 2d DCA 2017) (quoting *Green v. State*, 728 So. 2d 779, 781 (Fla. 4th DCA 1999)).

The State is required to allege the time of the commission of a particular offense as specifically as possible in an information.  *Howlett v. State*, 260 So. 2d 878, 880 (Fla. 4th DCA 1972) (citing Fla. R. Crim. P. 3.140(d)(3)).  "However, Florida courts have long regarded variances between the time of the offense as alleged and the time as proved at trial as non-fatal."  *Id.*

> There may be some variance between the date alleged in the information as being the date the offense charged was committed and that proven on the trial, which variance is immaterial if the proof shows that the crime was committed before the filing of the information and that prosecution therefor was begun within the two year period, except in those rare cases (not here in point) where the exact time enters into the nature or legal existence of the offense.

*Horton v. Mayo*, 15 So. 2d 327, 328 (Fla. 1943) (en banc) (first citing *Alexander v. State*, 23 So. 536 (Fla. 1898); then citing *Thorp v. State*, 59 So. 193 (Fla. 1912); then citing *Hunter v. State*, 95 So. 115 (Fla. 1923); and then citing *Overstreet v. Whiddon*, 177 So. 701 (Fla. 1937)).  Where the defense is not based on an alibi or on another theory for which the time element is important, the exception for "those rare cases . . . where

the exact time enters into the nature or legal existence of the offense" is not applicable. *Howlett*, 260 So. 2d at 880 (quoting *Horton*, 15 So. 2d at 328).[1]

Furthermore, there is no prejudice to a defendant from a change in the date of the alleged offense where the defendant was on notice of the correct date and thus could not have relied on the incorrect date to his or her detriment. *See State v. Garcia*, 692 So. 2d 984, 986 (Fla. 3d DCA 1997). In that situation, a change in the date is merely "a clerical correction." *Id.*; *cf. Hoffman v. State*, 372 So. 2d 533, 534 (Fla. 4th DCA 1979) (concluding that the appellant did not demonstrate prejudice resulting from the State's inclusion of the wrong date of the alleged offense in its statement of particulars where the appellant knew of the mistake before trial but did not claim an alibi or file a notice of intention to claim alibi).

> To allow the defendant in a criminal case, with full knowledge of the crime alleged against him and with knowledge of a technical error [in the date of the alleged crime] on a pleading, to wait in ambush for the state until the jury is sworn [and] then spring his trap is tantamount to asking the court to referee a game of hide and seek.

*Hoffman*, 372 So. 2d at 534.

Here, the information incorrectly alleged that the battery was committed on February 7, 2020. The police report stated this was the date of the offense, but it was signed by the arresting officer on February 15, 2021. The correct date of the offense was February 7, 2021.

---

[1] *Cf. Davis v. State*, 740 So. 2d 86, 87-88 (Fla. 1st DCA 1999) (reversing for a new trial and explaining that the amended information changed the date of the offense which was significant in that case because the defendant denied committing the offense and stated an intention to present an alibi defense).

In denying the State's request to amend the information and in granting Sanders' oral motion to dismiss, the trial court focused on the facts that (1) the police report listed the same incorrect date of the alleged offense and (2) Sanders had not been arrested at the time of the offense, which would have put him on notice of the date of the alleged offense. Thus the trial court concluded that there was no record evidence that Sanders had been on notice of the correct date.

We conclude that this was error. In the description of the alleged offense, the police report clearly indicated that it took place during a tailgating party for the Super Bowl and that the location was at a particular address in Tampa. The State has alleged—and Sanders does not refute—that the Super Bowl was held in Tampa on February 7, 2021. The address where the alleged offense took place is very near Raymond James Stadium, where the Super Bowl was held on that date.[2] Based on the descriptive information contained in the police report, it strains credibility to believe that Sanders had no notice of the correct date of the offense and was somehow misled by the incorrect year of the offense being cited in both the police report and the information. The 2020 Super Bowl was held on February 2, 2020, in Miami, Florida.[3] Thus, to conclude that Sanders would be prejudiced by allowing the State to amend the information, this court would have to accept that Sanders was misled into believing that the State was alleging that he committed the crime during a tailgating party for the Super Bowl that was held several days after the 2020 Super Bowl was played and in a different city

---

[2] We take judicial notice of this fact pursuant to section 90.202(12), Florida Statutes (2023).

[3] We take judicial notice of this fact pursuant to section 90.202(12).

5

from the one in which the 2020 Super Bowl was played. We will not defy logic by doing so.

We note too that when the amendment issue arose at trial, defense counsel pointed out that the trial had been set for several weeks during which time the State could have sought to amend the information. Defense counsel asserted that the defense had relied on the incorrect date and that "because . . . it was incorrect[,] we did intend to move to dismiss." This implies that the defense was aware that the information contained the incorrect date prior to trial. If defense counsel was, in fact, aware of the technical error prior to trial, then his strategic decision not to challenge it until after the jury was sworn should not be rewarded.

But even assuming defense counsel was not aware of the issue prior to trial, Sanders is not entitled to relief. Sanders did not claim alibi as a defense. Nor did he even assert that his defense was somehow prejudiced other than to conclusively state that he "had relied on the date listed in the information." Thus this is not one of those rare cases wherein the variance in the date of the charged offense and the date proven at trial was fatal to the prosecution.

The trial court abused its discretion by rejecting the State's request to amend the information and by thereafter granting Sanders' oral motion to dismiss. Accordingly, we reverse the order dismissing the information.

Reversed and remanded.


SLEET, C.J., and LaROSE, J., Concur.

_____

Opinion subject to revision prior to official publication.