380 So.2d 1185 (1980)
Reginald S. ORR, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 78-805/T4-89.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
*1186 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Chief, Appellate Div., Asst. Public Defender, and Gary S. Israel, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Ceclian, Asst. Atty. Gen., West Palm Beach, for appellee.
UPCHURCH, Judge.
Appellant was charged, by amended information, in three counts with Count I, Burglary of a Dwelling; Count II, Grand Theft, and Count III, Possession of a Firearm by a Convicted Felon. A Motion for Severance of Offenses was filed alleging that Counts I and II were improperly joined with Count III; that motion was denied. The court entered a Directed Verdict of acquittal as to Count I. Appellant was found guilty of Count II, Grand Theft; and Count III, Possession of a Firearm by a convicted felon.
A single point is raised by this appeal: was a severance of Count III from Counts I and II required to promote a fair determination of Appellant's guilt or innocence? Florida Rules of Criminal Procedure 3.152(a)(2).
Appellant was discovered in Winter Park carrying a shotgun and a duffel bag. He told the investigating officer that he had found the shotgun, the bag, and another gun in a trash can. Some four hours later the police received a report of a burglary in the same area as the trash can. The owner identified the articles found in Appellant's possession, including the shotgun, as taken from his residence.
In Eagle v. State, 249 So.2d 460, 465 (Fla. 1st DCA 1971), the court stated, "Absent compelling reasons to the contrary, the trial courts of this state should insist that where several indictments or informations are filed against the same defendant constituting separate offenses growing out of the same transaction or occurrence, such indictments or informations should be consolidated and disposed of in one trial." The court emphasized that the charges grew out of the same transaction or occurrence, the same witnesses testified, and essentially the same evidence was addressed.
In the case before us, the element that defendant was a convicted felon is necessary to prove Count III. That element is not necessary to prove Count II. In a normal trial, evidence revealing other crimes is admissible if it casts light upon *1187 the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior offenses would have a relevant or material bearing on some essential aspect of the offense being tried. Williams v. State, 110 So.2d 654 (Fla. 1959). In the case before us, Appellant had been previously convicted of Auto Theft and Grand Larceny. The only purpose in introducing the prior convictions was as a required element of Count III. This information had no relevance whatever as to the proof required in Count II.
The trial judge, in an innovative attempt to solve the Appellant's dilemma, suggested that if Appellant did not think the jury would do what was right after being properly charged, he could plead guilty to Count III before starting and then the court would keep out the evidence of the prior conviction. While this may be innovative and expeditious justice would not have been served by this unique suggestion.
As to Counts I and II, the prior convictions had no probative value and were inadmissible. We cannot agree that Appellant was not harmed by the jury's consideration of his prior convictions.
We AFFIRM as to Count III, and REVERSE as to Count II, and REMAND for new trial.
SHARP, J., concurs.
DAUKSCH, C.J., dissenting with opinion.
DAUKSCH, Chief Judge, dissenting:
I respectfully dissent. The decision to sever or not is within the sound discretion of the trial court. Ashley v. State, 265 So.2d 685 (Fla. 1972). The trial judge did not abuse his discretion in this case because the facts needed to prove the burglary and grand theft were quite well intertwined with the fact this previously convicted felon possessed the very same firearm he stole in the burglary.
The trial judge instructed the jury they were to consider each count separately and we should presume they did. Thus the only element of essential difference between the burglary and theft charges on the one hand and the possession charge on the other hand is the proof the accused was a convicted felon. I know it hurts to have been convicted of a felony and have a jury know about it, but as those in the trade say: "If you can't do the time then don't do the crime."