419 So.2d 330 (1982)
STATE of Florida, Petitioner,
v.
Dennis Charles JEFFERSON, Respondent.
No. 60189.
Supreme Court of Florida.
September 2, 1982.
*331 Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for petitioner.
Richard L. Jorandby, Public Defender and Cathleen Brady, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
ADKINS, Justice.
The petitioner in this case seeks review and reversal of the decision of the Fifth District Court of Appeal in Jefferson v. State, 391 So.2d 747 (Fla. 5th DCA 1980). Conflict is alleged between Jefferson and the cases of Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972) and Perlman v. State, 269 So.2d 385 (Fla. 4th DCA 1972). We have jurisdiction pursuant to article V section 3(b)(3), Florida Constitution.
Respondent was charged by information with and convicted by a jury of one count of burglary and one count of grand larceny. On appeal to the district court the respondent contended that the trial judge erred by not granting his motion for acquittal. Agreeing with respondent's contention, the district court reversed the trial court and remanded the cause with directions for the trial court to grant a judgment of acquittal.
The information charged that respondent committed the offenses between June 18 and June 21, 1977. Defense counsel requested more specificity in the charge so the state filed an amended statement of particulars specifying that the offense occurred "within five hours either side of 1:00 a.m. on June 21, 1977, in Titusville, Brevard County, Florida."
The proof adduced at trial showed that the store in question was in fact burglarized late one Saturday night and early one Sunday morning between June 19 and June 21, 1977. The trial judge took judicial notice that June 19, 1977 was Sunday, June 20 was Monday and June 21 was Tuesday.
Respondent moved for a judgment of acquittal based on the State's failure to prove that a crime was committed at the time specified in the statement of particulars. The trial judge denied the motion and was reversed by the district court. We are thus presented with the question of whether a bill of particulars specifying an exact date upon which an offense occurred limits the prosecution, if an objection is made, to proof of an offense occurring only on that date, under the particular information. This is a question we resolved indirectly in State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975), in which we said that "... the effect of such a specification of date in a bill of particulars is to narrow the Indictment or Information as to the time within which the act or acts allegedly constituting the offense may be proved." 298 So.2d at 379 (Citations omitted.) We qualified our holding in Beamon, however, when we decided the case of Hoffman v. State, 397 So.2d 288 (Fla. 1981). The district court in Hoffman held that a statement of particulars can be amended if such amendment will not prejudice the defendant. We felt, as did the district court, that the issue of prejudice to the defendant should be considered.
There is a significant distinction, however, between the facts of Hoffman and those in the instant case. In Hoffman the state moved to amend the statement of particulars, which motion the trial court granted, and the case proceeded to conviction. *332 No such motion was made in the instant case at the time the state realized that its proof did not conform to the already once amended statement of particulars. (The amended statement of particulars was upon motion of defense counsel.) The prosecutor stated that he had no objection to amending the statement of particulars to conform if defense counsel would stipulate to the amendment. This remark does not constitute a motion to amend and absent such a motion the trial judge should have directed a verdict of acquittal.
The failure of the prosecutor to move to amend the statement of particulars to conform with the proof adduced at trial sufficiently distinguishes the instant case from Hoffman so that Hoffman does not apply.
The Fifth District Court of Appeal decided this case based on State v. Beamon. We would add only that Beamon has been qualified by Hoffman, but to utilize the rationale of Hoffman, a motion to amend must have been made by the prosecutor during the trial. Absent this motion, Hoffman is distinguishable and Beamon controls.
The cases of Howlett v. State and Perlman v. State, cases which allegedly conflict with the decision of this Court in Hoffman v. State, are distinguished from Hoffman on the same basis as is the instant case. We approve the decision of the district court and remand this cause to the district court for further remand to the trial court with instructions to grant a judgment of acquittal.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.