434 So.2d 18 (1983)
Elbert Roy SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 82-340.
District Court of Appeal of Florida, Fifth District.
June 30, 1983.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
*19 Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant below, Elbert Roy Smith, was charged with two counts of sexual battery, robbery, kidnapping, armed burglary, burglary, and shooting into a dwelling. These charges all arose from one episode. In addition, in Case No. 82-01, Smith was charged with possession of a firearm by a convicted felon. This latter charge was consolidated for trial with the other counts over objection by the defense. This was error and, pursuant to established authority, requires reversal for a new trial on the charges in those cases enumerated in footnote one of this opinion.[1]State v. Vazquez, 419 So.2d 1088 (Fla. 1982); Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980). In two of the cases to be retried (Case Nos. 81-898 and 81-900), Smith can only be retried for the lesser included offenses  aggravated assault and burglary of a structure  for which he was convicted initially. See Green v. U.S., 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
In regard to the conviction for possession of a firearm by a convicted felon (Case No. 82-01), however, no prejudice is presumed and retrial is not mandated. As to that conviction, we affirm. See Vazquez and Orr.
In the instant case, two separate and unrelated burglary charges[2] were also consolidated for trial with the aforementioned charges. As to those two burglaries, the state failed to show that the burglaries occurred at the times specified in the state's statement of particulars. The defense motions for judgment of acquittal as to those two charges should therefore have been granted. State v. Jefferson, 419 So.2d 330 (Fla. 1982). Accordingly, we reverse the convictions in those two cases  Nos. 81-896 and 81-949.
AFFIRMED in part; REVERSED in part; and REMANDED for new trial in Case Nos. 81-875, 81-876, 81-877, 81-899, 81-898, 81-900 and 81-959.
COBB, FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] These case numbers were: 81-875, 81-876, 81-877, 81-899, 81-898, 81-900 and 81-959.
[2] Case Nos. 81-896 and 81-949.