453 So.2d 900 (1984)
Ronald HUTCHINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-858.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
*901 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Lydia M. Valenti, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellee charged appellant with the theft of an automobile. After the jury returned a guilty verdict, the court withheld adjudication and placed appellant on probation.
The information alleged that the theft occurred on March 23, 1980. The statement of particulars alleged that the theft occurred between March 23 and May 16. However, at trial, appellee elicited testimony from the driver and from the owner of the car that the theft occurred on March 20. Appellee presented no evidence that the theft occurred between March 23 and May 16 and made no effort to amend either the information or the statement of particulars. The court denied appellant's motion for judgment of acquittal.
Appellant contends the trial court should have granted his motion for judgment of acquittal because appellee failed to prove the crime charged in the information and the statement of particulars. On the other hand, appellee contends that where the record does not demonstrate prejudice to appellant, this court should affirm, relying upon Hoffman v. State, 397 So.2d 288 (Fla. 1981).
In State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975), the court held
When there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information.... Nor may the State remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence.
Id. at 378-79.
The Supreme Court revisited Beamon in Hoffman v. State, supra, and qualified that portion of Beamon which precluded amendment. The court held that the State may amend its statement of particulars at trial. However, if the State seeks to amend,
it is incumbent on the state to demonstrate a lack of prejudice to the defendant. In other words, it is essential that the circumstances establishing no prejudice affirmatively appear in the record. When such amendment is requested, the trial court should inquire into the surrounding circumstances to determine whether the amendment would result in harm or prejudice to the defendant.
397 So.2d at 290.
The court approved this court's affirmance of Hoffman's conviction because the trial court conducted the proper inquiry and established on the record that the defendant suffered no prejudice. Accord, Taylor v. State, 444 So.2d 931 (Fla. 1983). In Stang v. State, 421 So.2d 147 (Fla. 1982), however, circumstances establishing no prejudice did not affirmatively appear on the record, and the court quashed this court's affirmance of the defendant's conviction.
In their arguments, the parties have overlooked the State's failure to move to amend the statement of particulars. In State v. Jefferson, 419 So.2d 330 (Fla. 1982), proof of the date of the offense did not conform to the date alleged in the statement of particulars. The defendant moved for judgment of acquittal on that basis. The State never moved to amend, but the trial court denied the motion for judgment of acquittal. The district court reversed the conviction, 391 So.2d 747 (Fla. 5th DCA 1980), holding that the case fell squarely within the holding of Beamon. The Supreme Court approved:

*902 There is a significant distinction, however, between the facts of Hoffman and those in the instant case. In Hoffman, the state moved to amend the statement of particulars, which motion the trial court granted, and the case proceeded to conviction. No such motion was made in the instant case at the time the state realized that its proof did not conform to the ... statement of particulars.
... .
The failure of the prosecutor to move to amend the statement of particulars to conform with the proof adduced at trial sufficiently distinguishes the instant case from Hoffman so that Hoffman does not apply.
419 So.2d at 331-32.
Therefore, if the State attempts to introduce evidence of an offense occurring on a date outside that alleged in the statement of particulars, and if the defendant objects, then the State is limited to proof of the date appearing in the statement particulars. Beamon. The State may overcome this limitation by moving to amend the statement of particulars. Hoffman. If the State elects to amend, it bears the burden to demonstrate that the defendant will not suffer prejudice as a result of the amendment. Hoffman. If the State does not seek amendment, and the evidence of the date of the offense does not conform to the allegations in the statement of particulars, the defendant's motion for judgment of acquittal should be granted. Jefferson.
The judgment of the trial court is accordingly reversed.
REVERSED and REMANDED.
DOWNEY, J., concurs.
HURLEY, J., concurs with opinion.
HURLEY, Judge, concurring:
A reversal is mandated by the Supreme Court's holding in State v. Jefferson, 419 So.2d 330 (Fla. 1982). See also Smith v. State, 434 So.2d 18 (Fla. 5th DCA 1983). Today's decision, however, does not preclude a new prosecution for any crime which occurred before or after the period between March 23rd and May 16th, 1980,  the period specified in the bill of particulars in the case on appeal. See State v. Beamon, 298 So.2d 376 (Fla. 1974).