WIGGINTON, Judge.
In these consolidated appeals appellant challenges convictions and sentences for a series of crimes which began with a robbery and kidnapping in Pensacola and ended in an armed confrontation with law enforcement officers at a highway rest area in Suwannee County. We affirm in part and reverse in part.
Appellant initiated his crime spree when he robbed and kidnapped Andrew Turnip-seed in Pensacola. A nightmarish journey ensued stretching across north Florida until appellant was ultimately apprehended by force at a highway rest stop in Suwannee County. The offenses concerning Turnip-seed were disposed of in Escambia County by conviction in October 1988 and are not a part of this appeal. The armed confrontation with law enforcement officers in Su-wannee County led to a jury trial culminating in appellant’s conviction in circuit court Case No. 88-283-CF (Case No. 89-898), on February 22, 1989, of three counts of aggravated assault with a deadly weapon, resisting an officer with violence, and display of a firearm during the commission of a felony.
Thereafter, on March 1, 1989, in circuit court Case No. 89-42-CF (Case No. 89-780) appellant was next charged with possession of a firearm by a convicted felon. On March 9 he filed a motion pursuant to Rule 3.151(c), Florida Rules of Criminal Procedure, to dismiss the charge. The motion was heard and summarily denied by the court. Appellant then entered a plea of nolo contendere reserving his right to appeal the denial of the motion to dismiss. He was sentenced for all Suwannee County offenses plus the March possession conviction to the statutory maximum, for a total of 50 consecutive years in prison, consecutive to his sentence of 15 years for the Escambia County conviction. His sentence was a departure from the presumptive guidelines sentencing range of 4½ to 5V2 years. However, because of our holding today, we need not reach the issue of the propriety of the trial court’s reasons for departure.
In regard to appellant’s conviction for possession of a firearm by a convicted felon, Case No. 89-42-CF, we affirm the trial court’s denial of the 3.151(c) motion to dismiss. That rule provides:
*268 [W]hen a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion ... unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging such other offense or offenses.
Appellant relies on the decision in Dixon v. State, 486 So.2d 67 (Fla. 4th DCA 1986), for the proposition that where two or more charges are based on connected acts and triable in the same courts, the trial court’s denial of the motion to dismiss should be reversed. Appellant submits that under Rule 3.151(c) the prosecutor was obligated to file an amended or an additional information before trial for the Suwannee County offenses adding the related charge of possession of a firearm by a convicted felon.
In affirming the trial court’s denial of the motion, we disagree with appellant’s initial premise that the charge of possession of a firearm by a convicted felon was “related” to the offenses in Case No. 88-283-CF in the sense contemplated by the rule. As the state argues, the charge of possession of a firearm by a convicted felon is a separate and unique offense proven simply by facts showing that the defendant has been convicted of a prior felony offense and thereafter was found to be in possession of a firearm. The fact that appellant herein was discovered to be in possession of a firearm upon apprehension at the rest stop relates this instant offense to the Su-wannee County offenses only in a mere coincidental sense. Obviously, appellant possessed the firearm just prior to the commission of the latter offenses and, thus, the crime was complete at that time—it was in no way intrinsic to the rest stop incident.
Additionally, it must be kept in mind that consolidation of the charge of possession of a firearm by a convicted felon with other charges over objection constitutes reversible error. See e.g., Smith v. State, 434 So.2d 18 (Fla. 5th DCA 1983). Accordingly, we affirm appellant’s conviction for possession of a firearm by a convicted felon. However, since we are compelled to reverse appellant’s other convictions, and since appellant was sentenced for all convictions at one time, based on one score-sheet, we must reverse the sentence in Case No. 89-42-CF and remand for resen-tencing.
Turning to the convictions and sentences in Case No. 88-283-CF, we agree with the arguments raised by appellant in Points I-IV of his brief. Points I and II involve the trial court’s denial of appellant’s motions for a mental examination and a continuance for appellant to complete therapy and to allow newly-appointed defense counsel to investigate potential defenses concerning appellant’s competency to stand trial. On these issues, the relevant rule is Rule 3.210(b), Florida Rules of Criminal Procedure, providing in pertinent part that “[i]f, at any material stage of a criminal proceeding, the court of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to proceed,” the court shall conduct a hearing to determine the defendant’s mental condition. The standard is “ ‘whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent. ... [citations omitted]’ ” Kothman v. State, 442 So.2d 357, 359 (Fla. 1st DCA 1983) (emphasis in original).
In the instant case, the essential facts are not in dispute and show that on the day of the hearing on the defense motions for examination and appointment of experts, and for a continuance, appellant was incarcerated in the psychiatric unit of the Lake Butler Reception and Medical Center, and had attempted suicide. It was also shown that he was expected to remain there for six to eight weeks, that he had recently suffered a nervous breakdown, that the symptoms leading to his mental breakdown had persisted since childhood, and that in conjunction with his psychiatric problems, he had been diagnosed as suffering from mixed substance abuse disorder and psychosis in remission. We would agree with appellant that the grounds set forth in the motion and in the argument *269 made before the trial court were sufficient to supply reasonable grounds to believe that appellant might be incompetent so as to have entitled him to a hearing. Accordingly, reversal and remand for a new trial is in order. See Lane v. State, 388 So.2d 1022 (Fla.1980); Kothman v. State.
Pertinent to retrial, we also agree with appellant’s arguments under Points III and IV and hold that the trial court erred in admitting the testimony of Andrew Turnipseed describing in elaborate detail his experience with appellant as well as certain threatening and bizarre statements made by appellant to him. This testimony was irrelevant and tended only to show propensity and bad character. Indeed, the testimony was so inflammatory and prejudicial it could not possibly have constituted harmless error. This is so especially in light of certain highly improper prosecuto-rial comments thereon made during closing argument which went a long way toward denying appellant a fair trial. On retrial, the prosecutor is cautioned to avoid the introduction of such testimony and commenting thereon.
Finally, because we have reversed the convictions for the Suwannee County offenses in Case No. 88-283-CF, we must reverse the sentences imposed as well and remand for resentencing only in Case No. 89-42-CF (possession of a firearm by a convicted felon).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SHIVERS, C.J., and BARFIELD, J., concur.