PER CURIAM.
Harlis Smith appeals from a judgment and sentence for robbery with a firearm and battery. We affirm.
We hold that the trial court did not err when it denied appellant’s motion for judgment of acquittal. The state alleged in its information that the robbery occurred on or about September 8, 1989. The evidence at trial showed that the robbery occurred on September 9, 1989 at about 2:50 A.M. Appellant did not request a bill of particulars nor did he object to the evidence corresponding to the September 9 date. In Hutchinson v. State, 453 So.2d 900 (Fla. 4th DCA 1984), this court held that the state could not remedy an erroneous date specified in a bill of particulars, if there is an objection, by amending it to conform to the evidence. Here, the one-day discrepancy in the information did not materially alter the offenses charged and the discrepancy did not compromise appellant’s defense.
We also hold that the trial court did not reversibly err when it denied appellant’s objection to hearsay evidence presented during cross-examination of a police officer. During the state’s case, the victim gave the same hearsay testimony without objection from appellant. We have carefully reviewed the record and find overwhelming evidence of appellant’s guilt. The admission of the hearsay testimony, at most, constituted harmless error. See State v. DeGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
LETTS, DELL and STONE, JJ„ concur.