PER CURIAM.
Albert Gardner appeals his conviction and sentence for sale and possession of cocaine. We affirm.
The defendant was charged by information, which alleged that the defendant committed both crimes on August 21, 1997. The defendant entered a plea of not guilty and requested a statement of particulars, pursuant to Florida Rule of Criminal Procedure 3.140(n). The State filed a statement of particulars that stated the date and place of the charged crimes, as well as that the charged crimes were committed at 10:40 p.m. At trial, evidence put on by the State included testimony of the undercover officer and two backup detectives.[1] The defense motion for judgment of acquittal or new trial was denied.
Defendant on appeal contends that, based on the State’s alleged failure to prove that the crimes occurred at 10:40 p.m. as provided in the statement of particulars, defendant should be acquitted on both charges. Although it is true that “allegations of the time of commission of a particular offense must be set forth ‘as definitely as possible’ in an information or indictment,” Howlett v. State, 260 So.2d 878, 880 (Fla. 4th DCA 1972) (quoting Fla. R.Crim. P. 3.140(d)(3)), it is also true that small variances between the time of the alleged offense and that time proved at trial are not harmful error, “except in those rare cases (not here in point) where the exact time enters into the nature or legal existence of the offense.” Horton v. Mayo, 153 Fla. 611, 613-14, 15 So.2d 327, 328 (1943) (citations omitted). The undercover officer who bought cocaine from the defendant, Officer Mohamed, testified that he worked with the backup detectives from about 7:30 p.m. until about midnight on August 21, 1997. Further testimony adduced at trial indicated that the offenses occurred around 10:30 p.m., and one of the backup detectives testified that the interaction between officer and defendant took about fifteen to twenty minutes to transact.
The place, date, and all other material facts of the crimes charged that were specifically requested of the prosecutor were sufficient to apprise the defendant of the particulars of the offenses and to enable him to prepare a defense. Rule 3.140(n), Fla. R.Crim. P. Assuming there was a ten-minute variance in time of offense (10:30 versus 10:40), this discrepancy was immaterial, and no reversible error has been shown. See Fitzgerald v. State, 227 So.2d 45 (Fla. 3d DCA 1969).
*131 In any event, the test for error in such circumstances is whether the defendant is materially prejudiced by the error, that is, where the indictment or information is “so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.” Fla. R.Crim. P. 3.140(o). The defendant relies on State v. Jefferson, 419 So.2d 330 (Fla.1982), but the facts are distinguishable. In Jefferson the variance was three days, not ten minutes. The State did not move to amend the statement of particulars. The court concluded that the three-day variance between the information and the proof was indeed prejudicial. See id. at 332; see also Hutchinson v. State, 453 So.2d 900, 902 (Fla. 4th DCA 1984)(judgment reversed where evidence at trial indicated offense occurred on a date more than one day outside that alleged in the statement of particulars, and State did not seek to amend the statement). Although the Jefferson court did not address Rule 3.140(o), the terms of the rule must of course be considered.
In the present case the State’s proof of the time of the offenses did not vary materially from the statement of particulars, and the defendant did not show that he suffered any prejudice because of the variance in time.
Affirmed.
COPE and GREEN, JJ., concur.
SORONDO, J., concurs.

. The first trial ended in mistrial, and it is the second trial that concerns us here.