COBB, J.
The defendant’s conviction for vehicular homicide is affirmed. While a discovery violation occurred in connection with Trooper Barley’s testimony on cross examination,[1] said testimony was stricken and the jury instructed that it was to be disregarded. We find the violation to have been harmless and that there was no abuse of discretion in the denial of the defendant’s motion for mistrial. See State v. Schopp, 653 So.2d 1016 (Fla.1995). The defense was not, as the dissent here asserts, the victim of a skunk (in the form of Barley’s stricken testimony). Rather, the defense was gutted by the testimony of three unbiased, disinterested eyewitnesses to the incident. Two of these eyewitnesses *53 testified the defendant was following and appeared to be trying to pass a white car (despite the presence of a double yellow line) and not the pickup truck which the defendant’s father was purportedly driving. One eyewitness testified that the defendant’s father did not even appear at the scene of the carnage until some 15-20 minutes after the accident. The defense was further devastated by the defendant’s own inexplicable comment, made immediately following the accident, that the children he ran down on the sidewalk “were in my way.”
AFFIRMED.
PLEUS, J., concurs.
GRIFFIN, J., dissents, with opinion.

. There is no indication whatsoever in the record that the violation (Trooper Barley's recounting of an incriminating statement which the defendant made but was undisclosed to the defense) was in any way intentional or willful or that the state was itself in any way aware of the existence of said statement.