SHAHOOD, J.
We hold that the trial court abused its discretion in denying appellant’s motions for mistrial and new trial where appellant relied upon an alibi defense for a specific date, and the state, just prior to trial, received information that the date was incorrect and failed to disclose such information to appellant until the witness testified at trial.
Appellant, Charles Farrington, was charged by Amended Information with driving while license revoked (habitual) and leaving the scene of a crash involving damage occurring on March 15, 2001. Appellant filed a notice of alibi stating that on the date of the offense, he was at “3772 Mill Race Court, Greenacres [sic], Florida” and offered four witnesses to support such claim. Both the probable cause affidavit and the traffic citation issued by Officer Pitocchelli, the arresting officer, are dated March 15, 2001, however, the traffic citation notes that March 15, 2001, was a Friday.
At trial, defense counsel’s opening argument was replete with references to the fact that on March 15, 2001, appellant was at his sister’s house in Greenacres, when the accident occurred.
Officer Pitocchelli testified at trial that the incident took place on March 16th. Defense counsel moved for a mistrial arguing:
This officer is now testifying that it happened on March the 16th. All the police reports say March the 15th. In deposition, he told me March the 15th. I never received any kind of other information from the state that it didn’t happen on the 16th, it happened on the 15th. This is an alibi witness and it’s an alibi case that he was somewhere on March the 15th.
If I had known it was March the 16th, clearly my defense would be different, it may be just mistaken ID.
But now that nobody told me about March the 16th, I have to ask for a mistrial based on that.
After the trial court’s denial of the motion for mistrial, and during cross-examination, Officer Pitocchelli reaffirmed that the accident took place on March 16th and that he made a mistake, even though the police report, probable cause affidavit, and deposition stated that it took place on March 15th. The officer stated that he realized his mistake the morning of trial when he reviewed his paperwork. He knew the incident took place on a Friday, but didn’t realize he had written the wrong date.
When the state rested, appellant renewed his motion for mistrial arguing that the incorrect date of the incident went directly to his entire defense of mistaken identification and alibi on March 15th.
On appeal, appellant argues that he was denied a fair trial where the court denied his motion for mistrial and for new trial after he was stripped of his alibi defense. He maintains that the state’s *472 failure to disclose that the date of the offense was different from the date appellant was relying on for his alibi, and that he was not apprised of such fact until the middle of trial, was too prejudicial for him to overcome. We agree.
A motion for mistrial is subject to an abuse of discretion standard of review and should be granted only when necessary to ensure that the defendant receives a fair trial. See Siprien v. State, 812 So.2d 536 (Fla. 4th DCA 2002). Such motion should be granted only where the error is so prejudicial as to vitiate the entire trial. See also Duest v. State, 462 So.2d 446 (Fla.1985).
In this case, the trial court abused its discretion in denying appellant’s motion for mistrial where his entire defense was dependent upon his knowledge of the place and time that the alleged crime was committed. Appellant filed a notice of alibi early on in the case. Such notice is by definition, limited to the specific time and place the crime was alleged to have been committed. See Fla. R.Crim. P. 3.200. Under rule 3.220(j), Florida Rules of Criminal Procedure, the state has a continuing duty to disclose. Here, Officer Pitocchelli did not realize his error until the morning of trial and appellant was not apprised of this fact until midway through trial when the error became apparent.
While the allegations of the time of commission of a particular offense must be set forth as definitely as possible in an information or indictment, Howlett v. State, 260 So.2d 878, 880 (Fla. 4th DCA 1972), small variances between the time of the alleged offense and that time proved at trial are not harmful error, except in those rare cases where the exact time enters into the nature or legal existence of the offense. See Gardner v. State, 739 So.2d 129, 130 (Fla. 3d DCA 1999).
In Howlett, 260 So.2d at 880, this court suggested in dicta that variance between the information and the statement of particulars on the one hand and the evidence on the other may be prejudicial when an alibi is relied on. This court held that where a defendant’s defense did not involve an alibi or any other theory in which a time element might have been an important part but on an allegation that he purchased a pickup truck allegedly stolen from victim, the defendant was not prejudiced by the fact that the information and statement of particulars alleged that the offense had been committed on January 11th or thereafter while the evidence showed that pickup truck had been taken away on January 6th. See id.
While no statement of particulars was filed in this case, the Information, all of the police reports, and the deposition of the officer, stated that the incident took place on March 15th. Relying on that date, appellant filed his notice of alibi for that date. In order to convict appellant of leaving the scene of an accident with damage, the state was required to prove that appellant was, in fact, the driver of the car that caused the damage. See § 316.061, Fla. Stat. (2000). To find out, midway through trial, that the date of the accident was incorrect, stripped appellant of his entire defense. See Stang v. State, 421 So.2d 147 (Fla.1982) (the state should not have been allowed to allege one date in an information and bill of particulars and, after proving a different date, amend the date to conform to the evidence where the defendant had in essence already advised six jurors that his only defense would be the state’s inability to prove the date specified); see also Toussaint v. State, 755 So.2d 170, 171-72 (Fla. 4th DCA), review denied, 776 So.2d 277 (Fla.2000). Where an error is committed which cannot be cured and where the prejudice goes to the *473 heart of the defendant s case, a new trial is warranted. See Bryant v. State, 805 So.2d 52, 53 (Fla. 5th DCA 2001).
REVERSED AND REMANDED FOR A NEW TRIAL.
STEVENSON and MAY, JJ., concur.