PER CURIAM.
Appellant, Elvin Sanchez, appeals his conviction and sentence for possession of a firearm by a convicted felon, claiming that the trial court erred in denying his motion for a judgment of acquittal where the offense date alleged in the information was inconsistent with the date of the offense proven at trial. We affirm.
In this case, the charging document alleged that the offense occurred on March 31, 2005. There was conflicting testimony at trial as to whether the offense occurred on March 13th or March 31st. The probable cause affidavit revealed that the incident actually took place on March 13, 2005. We find that the trial court properly denied appellant’s motion for a judgment of acquittal based on the discrepancy. in the dates. See Smith v. State, 573 So.2d 1079 (Fla. 4th DCA 1991) (trial court did not err in denying the defendant’s motion for a judgment of acquittal based on a discrepancy between the offense date alleged in the information and the date proven at trial, where the discrepancy did not materially alter the offenses charged and did not compromise his defense); see also Tingley v. State, 549 So.2d 649, 651 (Fla.1989). Here, appellant did not request a statement of particulars, nor did he object to evidence of the erroneous date. Further, it was clear at trial that the state was alleging only a single incident.
Appellant also claims that the trial court committed fundamental error in imposing a three-year mandatory minimum sentence under section 775.087(2), Florida Statutes, where actual possession of the firearm was not alleged in the information. Although the initial information did not allege actual possession, appellant overlooks the fact that the state filed an amended information which did allege actual possession. Thus, even if appellant had preserved this issue in a rule 3.800(b)(2) motion, the record refutes this claim of error.

Affirmed.

WARNER, KLEIN and HAZOURI, JJ., concur.