DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOWAYN CURTIS LEWIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0353

[October 15, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Phoebee R. Francois, Judge; L.T. Case No. 24-011242-MM10A.

Jaime A. Aird of The Law Offices of Jaime Aird, P.A., Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Dowayn Lewis appeals from his battery conviction, challenging the denial of his motion to dismiss the amended information. He raises several arguments, all of which lack merit. Although we affirm, we address two of his arguments: (1) dismissal was required because the amended information was filed after the speedy trial period had expired and alleged a new offense; and (2) the amendment eviscerated his alibi defense.

Lewis was arrested for stalking on October 25, 2024, but the arrest affidavit described three incidents: a February 10, 2024 battery, an October 21, 2024 harassing phone call, and an October 23, 2024 criminal mischief incident, all involving the same victim. The state charged Lewis with battery against the victim identified in the arrest affidavit, initially alleging the battery had occurred on the same day Lewis was arrested, October 25, 2024. After the 90-day period for speedy trial without demand had expired, the state filed an amended information correcting the offense date to February 10, 2024, the date provided for the battery in the arrest affidavit.

Lewis first argues dismissal was required because, after expiration of the speedy trial period, the state alleged a new offense. *See State v. Beach*, 393 So. 3d 779, 782 (Fla. 3d DCA 2024) ("While the State maintains the right to amend an information outside the speedy trial period, it 'may not circumvent the intent and effect of the speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of *new* charges' that arise from the same facts and circumstances from the initial charge" (emphasis in original) (footnote omitted) (quoting *Pezzo v. State*, 903 So. 2d 960, 962 (Fla. 1st DCA 2005))). The argument lacks merit. The amended information did not allege a new offense. Rather, the amended information corrected the offense date without prejudicing Lewis. *See State v. Sanders*, 373 So. 3d 960, 963-64 (Fla. 2d DCA 2023) (holding defendant would not have been prejudiced by amendment of information to change offense date from February 7, 2020 to February 7, 2021, where police report indicated the offense occurred in Tampa during a Super Bowl tailgating party, 2020 Super Bowl was held on February 2, 2020, 2021 Super Bowl was held in Tampa on February 7, 2021, and police report was signed February 15, 2021).

Lewis also argues dismissal was required because the amendment eviscerated his alibi defense. He relies on cases where the defendants were not given meaningful notice of a corrected offense date or time to prepare a defense. *See Farrington v. State*, 821 So. 2d 470, 471-72 (Fla. 4th DCA 2002) (holding mistrial was warranted where defendant filed notice of alibi regarding charged offense date, state discovered charged date was incorrect but failed to inform defendant, and at trial, state elicited testimony from its witness regarding correct offense date); *Davis v. State*, 740 So. 2d 86, 87-88 (Fla. 1st DCA 1999) (holding that where state filed an amended information immediately after jury selection to change date of offense, the trial court erred in not granting defense request for more time to investigate an alibi defense for new date). Here, the amended information was filed before trial, and the trial court offered a continuance so that defense counsel could investigate a defense for the corrected offense date. Thus, unlike in *Farrington* and *Davis*, the defendant was not prejudiced.

Finding no error, we affirm.

*Affirmed.*

CIKLIN, LEVINE, JJ., and HARPER, BRADLEY G., Associate Judge, concur.

2

*       *       *

*Not final until disposition of timely-filed motion for rehearing.*